Luz N. ESTEVEZ, et al., Plaintiff(s)

v.

**EDWARDS LIFESCIENCES CORP., Defendant(s).**

Civil No. 03–2361(JAG).

United States District Court, D. Puerto Rico.

July 27, 2005.

Anibal Escanellas–Rivera, Escanellas & Juan, Jose E. Andino–Delgado, Jose E. Andino Law Office, San Juan, PR, for Plaintiffs.

Pedro J. Manzano–Yates, Ada Nurie Pagan–Isona, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On December 23, 2003, plaintiff Luz N. Estevez ("Estevez"), her husband and the conjugal partnership formed between them, filed suit against Edwards Lifesciences Corp. ("Edwards") alleging that she was terminated from her employment due to her age in violation to the Age Discrimination in the Employment Act, 29 U.S.C. §§ 621–634 ("ADEA") as well as supplemental state law claims (Docket No. 1). On November 12, 2004, Edwards moved for summary judgment on Estevez's claims (Docket No. 22). On April 5, 2005, Estevez filed an opposition (Docket No. 33). For the reasons discussed below, the Court **GRANTS** Edwards' motion for summary judgment.

## FACTUAL BACKGROUND

Estevez worked for Edwards' since June 1, 1979 until her discharge on December 20, 2002. Estevez was fifty-seven years old at the time of her discharge. She held the position of Information Systems Coordinator.

During 2002, Edwards reorganized its operations due to economic shortfalls. As part of the reorganization, the budget for the Information Systems Department ("ISD"), where Estevez worked, was reduced by two-hundred thousand dollars ($200,000). Accordingly, Edwards implemented a reduction in force plan which resulted in the elimination of a total of fourteen positions in its Puerto Rico operations; two of them, including Estevez's, in the ISD. Edwards offered relocation to other positions within the company to some of the employees affected by the reduction in force. Estevez rejected the alternate position Edwards had offered her. After Edwards eliminated Estevez's position, it distributed her former duties among several of the remaining employees in the ISD.

## DISCUSSION

### A. *Summary Judgment Standard*

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See also Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52. (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden

of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.,* 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." *Id.* at 252. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

### B. *Edwards' Motion for Summary Judgment*

#### 1. *Estevez's ADEA Claims*

ADEA makes it unlawful for an employer to discriminate against any individual with respect to his terms and conditions of employment or to adversely affect his status as an employee, because of such individual's age. *See* 29 U.S.C. § 623(a). It is well-settled that to prevail in a wrongful discharge case under the ADEA, plaintiff bears the ultimate "burden of proving that ... he would not have been fired but for his age" *Vega v. Kodak Caribbean. Ltd.,* 3 F.3d 476, 478 (1st Cir.1993); *Shorette v. Rite Aid of Maine, Inc.,* 155 F.3d 8, 12 (1st Cir.1998); *Hidalgo v. Overseas Condado Ins. Agencies, Inc.,* 120 F.3d 328, 332 (1st Cir.1997). An employer may take an adverse action for any reason, fair or unfair, so long as the action is not motivated by an age-based discriminatory animus. *Hidalgo,* 120 F.3d at 337.

When, as here, a plaintiff lacks direct evidence of discrimination, Courts apply the burden-shifting framework established by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this framework, the plaintiff must first establish a *prima facie* case of age discrimination by demonstrating that (1) she is within the protected class (over the age of forty); (2) that her job performance was satisfactory and met her employer's legitimate expectations; (3) that she suffered an adverse employment action; and (4) that defendant sought a replacement with roughly equivalent job qualifications, thus revealing a continued need for the same services and

skills. *See Pueblo Int'l,* 229 F.3d at 53; *Mesnick v. General Electric Co.,* 950 F.2d 816, 823 (1st Cir.1991); *Flamand v. American Int'l Group, Inc.,* 876 F.Supp. 356, 368 (D.P.R.1994). In the context of a reduction in force ("RIF"), the fourth prong requires instead that plaintiff prove "that age was not treated neutrally in implementing the RIF, or younger individuals were retained in the same position." *Ruiz v. Posadas de San Juan Associates,* 124 F.3d 243, 247–8 (1st Cir.1997)(*citing Woodman v. Haemonetics Corp.,* 51 F.3d 1087, 1091 (1st Cir.1995)).

Establishing a *prima facie* case generates a rebuttable presumption of discrimination. While the burden of persuasion remains at all times with the plaintiff, the *prima facie* case shifts the burden of production to the employer, who must then articulate a legitimate non-discriminatory reason for the adverse employment action. *See Mesnick,* 950 F.2d at 823. "This entails only a burden of *production,* not a burden of persuasion; the task of proving discrimination remains the claimant's at all times." *Id.* (*citing Texas Dept. Of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Medina–Munoz,* 896 F.2d at 9)(emphasis added). If the employer meets this limited burden, the presumption vanishes and the plaintiff must adduce sufficient evidence to demonstrate that age was a motivating factor in the challenged employment action. *Zapata–Matos v. Reckitt & Coleman, Inc.,* 277 F.3d 40, 45 (1st Cir.2002). To do so, plaintiff must show that the proffered reason is pretextual such that a discriminatory animus can be inferred. *Gonzalez v. El Dia, Inc.,* 304 F.3d 63, 69 (1st Cir.2002). "It is not enough for a plaintiff to merely impugn the veracity of the employer's justification, [s]he must 'elucidate specific facts which would enable a jury to find that the reason given is not only a sham, but a sham intended to cover up the employer's real motive, age discrimination.' " *Mesnick,* 950 F.2d at 824 (*quoting Medina–Munoz,* 896 F.2d at 9).

■ In this case, there is evidence on the record to establish that Estevez is over forty years old, that her job performance was satisfactory to her employer, and that she was terminated from her employment. Thus, she is able to meet the first three prongs of her *prima facie* case. She fails, however, to establish that age was not treated neutrally or that younger individuals were retained in the same position. Edwards' proffer of evidence shows that those who occupied the positions it eliminated ranged in age from twenty-six to fifty-seven. (Docket No. 22, Defendant's Statement of Uncontested Facts at ¶ 7). In fact, five of the fourteen positions targeted for elimination were held by individuals under the age of forty. Thus, the fact that those affected by the reduction in force included younger individuals seems to indicate that age was not a motivating factor in Edwards' decision to eliminate those positions.

■ In her opposition, Estevez misapplies the relevant standard by extensively arguing at the fourth prong that Edwards had a continuing need for the services she performed and that she was replaced by a younger individual. Because this case involves a reduction in force, this is not the proper inquiry. Even if it were, however, Edwards has proffered sufficient evidence to defeat her argument; mainly, that Estevez's former duties were distributed among the remaining employees in the ISD. (Docket No. 22, Defendant's Statement of Uncontested Facts at ¶ 11).

[A] discharged employee "is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other exist-

ing employees already performing related work"; "[a] person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties." *Vallejo Serrano v. Cigna Ins. Co.*, 970 F.Supp. 78, 83 (*citing LeBlanc v. Great American Insurance Co.*, 6 F.3d 836, 846 (1st Cir.1993)). Because no one employee was hired or reassigned to take over her duties, Estevez was not replaced.

█ Even assuming *arguendo* that Estevez can establish a *prima facie* case for age discrimination, her claims fail nonetheless. In compliance with its burden of producing a non-discriminatory reason for its dismissal of Estevez, Edwards has proffered that her termination resulted from a reduction in force following a two-hundred thousand dollar ($200,000) decrease in its operating budget for the ISD in Puerto Rico. Furthermore, in deciding which positions it would eliminate, Edwards considered the technical and business skills of the employees, their potential to assume other and/or higher responsibilities, and the impact that the elimination of those positions would have on its operations.

Now the burden shifts to Estevez to show by a preponderance of the evidence that the proffered reason is merely a sham to cover-up a discriminatory animus. Estevez, however, is unable to bring forth sufficient evidence to rebut Edwards' non-discriminatory reason. Estevez argues that her supervisor, Mr. Rozada, who she claims made the decision to terminate her, constantly referred to her with derogatory and discriminatory comments and remarks alluding to her age. First, there is not even a scintilla of evidence on the record that Mr. Rozada actually made the decision to terminate her. Second, the only evidence proffered to support her allegations is a self-serving affidavit which is inconsistent with Estevez's previous testimony at her deposition. During her depo-

sition, Estevez accused some of her former coworkers as calling her names, but made no mention of Rozada among them. (Docket No. 22, Exhibit A, pp. 116–117). Moreover, Estevez gives no satisfactory explanation as to the inconsistency in her testimony. She merely alleges that she may have forgotten some facts because at the time of the deposition she felt nervous it being her first deposition and she was taking medication. That is simply insufficient. "First Circuit precedent is very clear the 'When an interested witness has given clear answers to unambiguous questions, [s]he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed.'" *Ramos v. Roman*, 83 F.Supp.2d 233, 247 (D.P.R.2000)(*quoting Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4–5 (1st Cir.1994)).

Finally, Estevez also attempts to create an issue as to the alternate position Edwards offered her. Estevez claims that Edwards had a policy of "bumping" younger employees to accommodate those with more seniority whose positions were eliminated. She claims that Edwards failed to follow this policy by offering her an alternate position in the dead files department, which amounts to a demotion rather than a lateral move, when there were plenty of other positions which she was qualified for and which were occupied by younger individuals. Her argument fails because Edwards did not have an obligation to offer her an alternate position.

> An employer does not have the duty to offer a transfer or relocation to another position to a person affected by a layoff. *Holt v. The Gamewell Corp.*, 797 F.2d 36, 38 (1st Cir.1986). If more is to be said, employers conducting a reduction in force face no obligation to offer "lower echelon, poorer paying jobs in the re-

structured enterprise" to all older employees. *Pages–Cahue v. Iberia Lineas Aereas de Espana*, 82 F.3d 533, 539 (1st Cir.1996)

*Varela Teron v. Banco Santander de Puerto Rico*, 257 F.Supp.2d 454, 461 (D.P.R.2003). In fact, that Edwards offered Estevez an alternate position, even if one she deems unacceptable, only goes to show that it did not discriminate against her due to her age because it still wanted to retain her as an employee.

Therefore, Estevez has failed to show that Edwards' non-discriminatory reason is a mere pretext and her ADEA claims must be dismissed.

### 2. *Supplemental Jurisdiction*

Since no federal claims to ground jurisdiction remain in this case, plaintiffs' supplemental state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Edwards' motion for summary judgment. Estevez's ADEA claims are hereby dismissed **with prejudice.** Supplemental state law claims are dismissed **without prejudice.** Judgment shall enter accordingly.

IT IS SO ORDERED.