Josefina **RIVERA RODRIGUEZ,** et al., Plaintiffs,

v.

**SEARS ROEBUCK DE PUERTO RICO, INC., Defendant.**

No. CIV. 01–2364RLA.

United States District Court, D. Puerto Rico.

April 28, 2005.

Carlos M. Vergne–Vargas, Juan R. González–Muñoz, San Juan, PR, for Plaintiffs.

Anabel Rodriguez–Alonso, Rafael E. Aguilo–Vélez, Rafael E. Lázaro–Castro, Schuster Usera & Aguilo LLP, San Juan, PR, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ACOSTA, District Judge.

This action was instituted by JOSEFINA RIVERA claiming age discrimination and retaliation pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, Law No. 100 of June 30, 1959, 29 P.R. Laws Ann. § 146 (2002) ("Law 100") and Puerto Rico Law No. 115 of December 20, 1991, 29 P.R. Laws Ann. § 194a(a) (2002) ("Law 115"). Additionally, plaintiff's husband, JORGE APONTE, seeks redress under Puerto Rico's tort provisions as established in art. 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141 (2002).

Defendant SEARS ROEBUCK DE PUERTO RICO, INC. ("SEARS") moved the court to dismiss the complaint whereupon plaintiff waived part of her initial claims.[1] Hence, only the following causes of action remain outstanding:

1. Age discrimination claims related to the position of District Merchant for Men's, Kid's and Footwear ("DM") left vacant by REBECA AYALA under ADEA and Law 100;

2. Age discrimination claims related to the Buyer position under ADEA and Law 100;

3. Retaliation claims for the Buyer position under ADEA and Law No. 115; and

4. APONTE and the conjugal partnership's claim under *Santini v. Serv. Air Inc.*, 137 D.P.R. 1 (1994).

The matter having been amply briefed by the parties the court hereby rules as follows.

## THE FACTS

JOSEFINA RIVERA began working for SEARS in 1964. After various assignments and promotions in Puerto Rico and an assignment to SEARS' parent company in the Miami area, in 1993 she was promoted in Puerto Rico from Sales Manager to a District Merchant position. At the time of this promotion plaintiff was 50 years old.

RIVERA worked for SEARS and its parent company for over 33 years, until her retirement on February 28, 1998. Up to her retirement plaintiff continued to work as a District Merchant.

Just prior to RIVERA's retirement, four Buyer positions were created at SEARS to allow the position of District Merchant to concentrate on merchandising and advertising as well as visiting the stores. The Buyer, on the other hand, would be responsible for all the buying both from approved vendors—as had been the case up to then—as well as from new ones to be developed as more emphasis was to be placed in expanding local lines.

Plaintiff retired from SEARS effective February 28, 1998. She had initially advised of her decision on January 19, 1998 to ED CAMERON, President at the time, who asked her to think it over. RITA CASTRO, the local Human Resources Manager and RALPH PEREZ former VP of Merchandising who was plaintiff's supervisor tried to convince her to stay.

---

1. In her Opposition (docket No. 40) plaintiff specifically renounced "any claims dealing with the following positions: District Merchant Ready to Wear; Vendors Relations; and Merchandise Assistant" and consented to their dismissal. Accordingly, these causes of action are hereby **DISMISSED**.

According to plaintiff in August of 2000 she decided she wanted to come back to work for SEARS. At that time she was 57 years old.

SEARS has a policy which allows retirees to be rehired provided that their prior work record was satisfactory.

On October 16, 2000 JAMES DENNY, President of SEARS at the time, announced the resignation of REBECA AYALA, District Merchant Men's, Kid's and Footwear ("DM"). On that same date SEARS issued an internal job posting for the position of District Merchant Men's, Kid's & Footwear ("DM"). The notice indicated that posting would end October 24, 2000.

LUIS FERNANDEZ, who at the time held the position of General Store Manager of the Aventura store in the Miami, Florida area, responded to the aforementioned posting.

As general store manager FERNANDEZ was supposed to review postings on a weekly basis in order to identify opportunities for growth both for himself and his subordinates.

Following Company policy, FERNANDEZ' supervisor had to initially approve his request. Once approval was obtained, FERNANDEZ' response to the posting as well as the recommendation of his supervisors were forwarded to Puerto Rico.

FERNANDEZ was subsequently contacted by DENNY who acknowledged receipt of his application and advised that an interview would be scheduled.

In mid-November 2000 FERNANDEZ was formally interviewed by MARY HAYDON, Regional Merchant for the Southeast Region, and informally by RITA CASTRO and JOSE BURGOS, VP for Merchandising and Marketing.

DENNIS took FERNANDEZ on a visit to a SEARS store and asked him to point out areas of potential improvement.

Thereafter, on November 30, 2000 DENNY announced to the General Store Managers and to the District Staff that FERNANDEZ had accepted the position of Merchant Men's, Kid's & Footwear. His report date was January 9, 2001.

SEARS had a policy in effect of posting job openings internally within its own corporate structure prior to considering non-SEARS candidates. Some positions were only posted in Puerto Rico. Others, depending on their level, were also posted in the United States. For instance, store manager positions as well as positions at the district offices were also posed in the United States. However, regardless of the extent of the posting, every position was posted internally first.

If—after having followed the internal posting process—no suitable candidates were identified within SEARS, the position was opened to the general public.

In addition to the policy favoring internal candidates, in the year 2000 SEARS was not hiring external candidates as part of a national Company reorganization aimed at reducing its headcount. SEARS senior management had convened upon the necessity of not adding to its then headcount and a two-year headcount freeze was implemented.

From 2000 until March 2002 no external candidates were hired for any position in Puerto Rico at SEARS Corporate Offices.

A Buyer's position opened up a result of LISSETTE BELTRAN's resignation in June 2002.

On June 30, 2002 plaintiff RIVERA wrote to BOB MOLINA requesting to be considered for a Buyer position.

That was the same position plaintiff had applied for in 1997 prior to her retirement and for which she had been advised she did not qualify.

In finding a replacement for BELTRAN the services of the Corporate Recruitment Center were engaged. KRISTA NELSON was in charge of identifying potential candidates. As part of the process, and after concluding that there were no internal candidates, job postings were placed in sears.com and monsters.com. NELSON further identified and telephone-screened three (3) candidates and submitted them to FERNANDEZ. One of them was FREIDA MORALES who was eventually interviewed by FERNANDEZ.

The Buyer position was eventually offered to MORALES who had over 13 years of buying experience at Avon, J.C. Penney, and The Home Shopping Network selling merchandise.

The position was closed on August 15, 2002 once an offer was made to MORALES and she formally accepted it.

As in the past, the Buyer position entailed actually buying and not just assorting which was RIVERA's main previous experience.

The target market of J.C. Penney and SEARS in Puerto Rico is the same.

Plaintiff filed an initial discrimination charge on April 25, 2001 and an amended charge in August 20, 2001 to add a retaliation claim. Thereafter, she again amended her discrimination charge on November 5, 2002 to include yet another retaliation claim.

## SUMMARY JUDGMENT

Rule 56(c) Fed. R. Civ. P., which sets forth the standard for ruling on summary judgment motions, in pertinent part provides that they shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Sands v. Ridefilm Corp.*, 212 F.3d 657, 660–61 (1st Cir.2000); *Barreto–Rivera v. Medina–Vargas,* 168 F.3d 42, 45 (1st Cir.1999). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. *De-Novellis v. Shalala,* 124 F.3d 298, 306 (1st Cir.1997). A genuine issue exists if there is sufficient evidence supporting the claimed factual disputes to require a trial. *Morris v. Gov't Dev. Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir.1994); *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir. 1993), *cert. denied,* 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of a lawsuit under the governing law. *Morrissey v. Boston Five Cents Sav. Bank,* 54 F.3d 27, 31 (1st Cir.1995).

In cases where the non-movant party bears the ultimate burden of proof, he must present definite and competent evidence to rebut a motion for summary judgment, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Navarro v. Pfizer Corp.,* 261 F.3d 90, 94 (1st Cir.2001); *Grant's Dairy v. Comm'r of Maine Dep't of Agric.,* 232 F.3d 8, 14 (1st Cir.2000), and cannot rely upon "conclusory allegations, improbable inferences, and unsupported speculation". *Lopez–Carrasquillo v. Rubianes,* 230 F.3d 409, 412 (1st Cir.2000); *Maldonado–Denis v. Castillo–Rodríguez,* 23 F.3d 576, 581 (1st Cir.1994); *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

## ADEA

The ADEA makes it "unlawful for an employer... to discharge any individual or otherwise discriminate against any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). Under the ADEA, an employer is liable if age was the motivating factor in the employer's decision. "That is, the plaintiff's age must

have 'actually played a role in [the employer's decision making] process and had a determinative influence on the outcome'." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (*citing Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993)). Thus, in this case, plaintiff has the burden of establishing that defendant intentionally discriminated against her based on her age. *See, Shorette v. Rite Aid of Maine, Inc.*, 155 F.3d 8, 12 (1st Cir.1998).

■■■ Where, as here, there is no direct evidence of discrimination, the plaintiff may prove her case through the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[2] *Rivera–Rodriguez v. Frito Lay Snacks Caribbean*, 265 F.3d 15, 25 (1st Cir.2001); *Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 53 (2000); *Feliciano v. El Conquistador*, 218 F.3d 1, 5 (1st Cir.2000). Under this framework, the plaintiff must prove that: (1) she was over forty (40) years of age; (2) her job performance was sufficient to meet her employer's legitimate job expectations; (3) she experienced an adverse employment action; and (4) the employer continued to need the services of the position claimant occupied. *See, De La Vega v. San Juan Star, Inc.*, 377 F.3d 111, 117 (1st Cir.2004); *Gonzalez v. El Dia, Inc.*, 304 F.3d 63, 68 n. 5 (1st Cir.2002); *Udo v.*

*Tomes*, 54 F.3d 9, 12 (1st Cir.1995); *Goldman v. First Nat'l Bank of Boston*, 985 F.2d 1113, 1117 (1st Cir.1993).

### Failure to Hire

■■■ Similarly, in ADEA failure to hire discrimination suits—absent direct evidence of age animus—a variation of the *McDonnell Douglas* analysis is also used. Hence, in these type of cases it is plaintiff's burden to establish her prima facie claim by presenting evidence that "(1) [she] is a member of a protected class, (2)[she] applied and was qualified for the position in question, (3) that despite ... her qualifications, [she] was rejected, and (4) that, after rejection, the position remained open and the employer continued to seek applicants from persons of the complainant's qualifications." *Woods v. Friction Materials, Inc.*, 30 F.3d 255, 260 (1st Cir.1994).

### Pretext

■■■ Once plaintiff has complied with this initial prima facie burden the defendant must "articulate a legitimate nondiscriminatory reason" for the challenged conduct at which time presumption of discrimination fades and the burden then falls back on plaintiff who must then demonstrate that the proffered reason was a "pretext" and that the decision at issue was instead motivated by discriminatory animus. *Gu v. Boston Police Dept.*, 312

---

**2.** The thrust of plaintiff's arguments is geared at addressing defendant's analysis under the *McDonnell Douglas* burden shifting framework. However, plaintiff mentions that as an alternative her claims should be evaluated under the "mixed-motive" standard pursuant to *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003). In *Desert Palace* the Supreme Court ruled that "direct evidence of discrimination is not required [to prove discrimination] in mixed-motive cases". *Id.* 539 U.S. at 101, 123 S.Ct. 2148.

However, "even in mixed-motive cases, plaintiffs must present enough evidence to permit a finding that there was differential treatment in employment action and that the adverse employment decision was caused at least in part by a forbidden type of bias." *Hillstrom v. Best Western TLC Hotel*, 354 F.3d 27, 31 (1st Cir.2003).

We find that based on the evidence presented even under the mixed-motive approach the record does not show that for any of the challenged decisions "the real reason, at least in part, was age... discrimination." *Id.*

F.3d 6, 11 (1st Cir.2002); *Gonzalez v. El Dia, Inc.,* 304 F.3d at 69; *Zapata–Matos v. Reckitt & Colman, Inc.,* 277 F.3d 40, 44–45 (1st Cir.2002); *Feliciano v. El Conquistador,* 218 F.3d at 5; *Santiago–Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 54 (1st Cir.2000). "At this third step in the burden-shifting analysis, the *McDonnell Douglas* framework falls by the wayside because the plaintiff's burden of producing evidence to rebut the employer's stated reason for its employment action merges with the ultimate burden of persuading the court that she has been the victim of intentional discrimination." *Feliciano v. El Conquistador,* 218 F.3d at 6 (citing *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)) (internal citations and quotation marks omitted).

The required prima-facie-case showing generates a rebuttable presumption that the defendant-employer violated the ADEA. Whereupon, the burden of production—as distinguished from the burden of proof—shifts to the defendant-employer to articulate a legitimate, nondiscriminatory basis for its adverse employment action. Once this limited burden has been met by the defendant-employer, the presumption which attended the prima facie case vanishes and the claimant must adduce sufficient creditable evidence that age was a motivating factor in the challenged employment action. The plaintiff-employee may meet her burden of proof by showing that the employer's proffered reason for the challenged employment action was pretextual, from which the factfinder in turn may, but need not, infer the alleged discriminatory animus.

*Gonzalez v. El Dia,* 304 F.3d at 68–69 (citations omitted).

"Upon the emergence of such an explanation, it falls to the plaintiff to show both that the employer's proffered reasons is a sham, and that discriminatory animus sparked its actions." *Cruz–Ramos v. Puerto Rico Sun Oil Co.,* 202 F.3d at 384 (citation and internal quotation marks omitted).

■ Defendant's "burden is one of production, not persuasion" *Reeves,* 530 U.S. at 142, 120 S.Ct. 2097, 147 L.Ed.2d 105, and "[a]t all times, the plaintiff bears the 'ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff.'" *Gu v. Boston Police Dept.,* 312 F.3d at 11 (citing *Texas Dept. of Cmty. Affairs v. Burdine,* 450 U.S. at 253, 101 S.Ct. 1089). *See also, Reeves,* 530 U.S. at 143, 120 S.Ct. 2097, 147 L.Ed.2d 105.

■ The fact that the reasons proffered by the employer are discredited by plaintiff does not automatically mandate a finding of discrimination. *Ronda–Perez v. Banco Bilbao Vizcaya Argentaria—Puerto Rico,* 404 F.3d 42 (1st Cir.2005). "That is because the ultimate question is not whether the explanation was false, but whether discrimination was the **cause** of the [conduct at issue]. We have adhered to a case by case weighing. Nonetheless, disbelief of the reason may, along with the prima facie case, on appropriate facts, permit the trier of fact to conclude the employer had discriminated." *Zapata–Matos v. Reckitt & Colman, Inc.,* 277 F.3d at 45 (citations omitted) (emphasis ours); *Reeves,* 530 U.S. at 147–48, 120 S.Ct. 2097, 147 L.Ed.2d 105.

■ In a summary judgment context the court must determine "whether plaintiff has produced sufficient evidence that he was discriminated against due to his national origin to raise a genuine issue of material fact." *Zapata–Matos v. Reckitt & Colman, Inc.,* 277 F.3d at 45; *Rivas Rosado v. Radio Shack, Inc.,* 312 F.3d 532, 534 (1st Cir.2002). Thus, summary judgment will be denied if once the court has reviewed the evidence submitted by the

parties in the light most favorable to the plaintiff it finds there is sufficient evidence from which a trier of fact could conclude that the reasons adduced for the charged conduct are pretextual and that the true motive was discriminatory. *Santiago–Ramos v. Centennial,* 217 F.3d at 57; *Rodriguez–Cuervos v. Wal–Mart Stores, Inc.,* 181 F.3d 15, 20 (1st Cir.1999).

In order to adequately prove pretext on her failure to rehire claim plaintiff had to "proffer enough competent evidence to support *two* findings: 1) the employer's proffered reason was pretextual; *and* 2) its true motive was age discrimination. The burden of persuasion remains on the plaintiff employee at all times." *Ruiz v. Posadas de San Juan,* 124 F.3d at 248 (citations omitted). A plaintiff "must do more than cast doubt on the rationale proffered by the employer". *Ruiz v. Posadas de San Juan,* 124 F.3d at 248. "[T]he 'evidence must be of such strength and quality as to permit a reasonable finding that the... [non-selection] was *obviously or manifestly unsupported.*'" *Ruiz v. Posadas de San Juan,* 124 F.3d at 248 (citing *Brown v. Trustees of Boston Univ.,* 891 F.2d 337, 346 (1st Cir.1989)).

### DM POSITION—ADEA

█ Assuming *arguendo* that plaintiff presented adequate evidence to meet her prima facie threshold burden of age discrimination regarding the DM position,[3] we find that she failed at the pretext stage.

Defendant has articulated legitimate nondiscriminatory reasons for not having selected plaintiff over FERNANDEZ. There is ample undisputed evidence of the internal recruiting policy in effect which required that position openings be posted internally in the first instance. Further, it is uncontroverted that there was a hiring freeze in place from 2000 until March 2002 during which time no external candidates were hired for any position at the SEARS corporate offices in Puerto Rico.

Plaintiff's attempts to undermine the validity of the internal posting policy by merely arguing that she was not made aware of it sooner are unconvincing. We find this argument speculative and unfounded. The same holds true for her efforts to question the existence of a hiring freeze.

Additionally, plaintiff sought to challenge defendant's proffered reasons for hiring FERNANDEZ by claiming SEARS departed from an alleged interview and selection policy. The evidence points otherwise. There was nothing unusual about the selection process followed in this instance which would support a pretext finding. The notice was posted internally; FERNANDEZ applied after having obtained the necessary approval from his superiors; FERNANDEZ was formally interviewed by MARY HAYDON, Regional Merchant for the Southeast Region, and informally by RITA CASTRO and JOSE BURGOS.

In essence, plaintiff rests her discrimination argument on what she perceived to be a right to be considered as someone "from inside" by reason of her retiree status.[4] However, the document establishing the policy regarding re-employment of retirees merely allows for their rehiring provided they had a satisfactory employment record.[5] In no way can this provision be

---

**3.** The parties disagree on whether plaintiff timely applied for the position at issue.

**4.** Plaintiff's deposition p. 156.

**5.** The SEARS Human Resource Guide for Managers at 2–4 reads:

Retirees and other former associates **may be reemployed** if their prior work record was satisfactory.

(Emphasis ours).

interpreted to give plaintiff any type of priority in the hiring process or place her on an equal footing with current employees vis à vis job openings.

Thus, we can safely conclude that plaintiff did not adequately establish that the defendant's proffered reason for not hiring her for the DM position was pretextual and that its true motive was age discrimination.

Accordingly, plaintiff's ADEA claim for discrimination regarding the position of District Merchant for Men's, Kid's and Footwear ("DM") left vacant by REBECA AYALA under ADEA is hereby **DISMISSED**.

## LAW 100

■ Law 100 is the local equivalent of ADEA providing for civil liability, *inter alios*, for age discrimination in employment.[6] *De La Vega v. San Juan Star, Inc.*, 377 F.3d 111, 119 (1st Cir.2004); *Alvarez–Fonseca v. Pepsi Cola of Puerto Rico Bottling Co.*, 152 F.3d 17, 27 (1st Cir.1998); *Varela Teron v. Banco Santander de Puerto Rico*, 257 F.Supp.2d 454, 462 (D.P.R.2003). The federal and state statutes differ, however, on their respective burden of proof allocations. *Alvarez–Fonseca*, 152 F.3d at 27; *Varela Teron*, 257 F.Supp.2d at 463. *See, Ramos v. Davis & Geck, Inc.*, 167 F.3d 727, 734 (1st Cir.1999) ("significant differences in the burden of proof requirements under the ADEA and Law 100").

■ The most salient distinction between these two discrimination statutes is that Law 100 establishes a rebuttable presumption of discrimination [7] unless the employer can demonstrate that the action in dispute was justified. *Alvarez–Fonseca*, 152 F.3d at 27. In contrast to ADEA, in order to dissipate the presumption the employer carries the burden of establishing that its decision was not based on age. At this stage the defendant's burden is one of persuasion, not only of production as in ADEA. *Id.*

■ The Law 100 presumption is triggered when a plaintiff presents evidence that some adverse personnel action was taken without "just cause". The statute initially requires that plaintiff present evidence that the action complained of—in this case failure to hire—was taken without just cause [8] "which entails proving three elements: (1) that he or she was [not hired]; (2) that the [failure to hire] was without just cause; and (3) some basic fact substantiating the type of discrimination alleged." *Varela Teron*, 257 F.Supp.2d at 463 (footnote omitted). *See also, De La Vega*, 377 F.3d at 119 (citing *Baralt v. Nationwide Mut. Ins. Co.*, 251 F.3d 10, 16 (1st Cir.2001)) (" 'Under Law 100, a plaintiff establishes a prima facie case of age discrimination by (1) demonstrating that [she] was... discharged, and (2) alleging that the decision was discriminatory.' "); *Rodriguez–Torres v. Caribbean Forms Mfr., Inc.*, 399 F.3d 52, 62 (1st Cir.2005)

6. In pertinent part, the statute provides:

> Any employer who... fails or refuses to hire or rehire a person... on the basis of ... age... shall incur civil liability.... 29 P.R. Laws Ann. § 146.

7. In pertinent part § 148 provides:

> Any of the acts mentioned [in section 146] shall be presumed to have been committed in violation [of this law] whenever the same shall have been performed without good cause. This presumption shall be of a controvertible character.

8. The Puerto Rico Supreme Court has determined that the term "just cause" in Law 100 will be construed in accordance with its definition in Law 80 of May 30, 1976, 29 P.R. Laws Ann. §§ 185a–185k (2002) an analogous statute applicable to unjust terminations of employment. *Baez Garcia v. Cooper Labs., Inc.*, 120 PR Dec. 145, 155 (1987). *See also, Alvarez–Fonseca*, 152 F.3d at 28.

(sanctioning jury instructions which required plaintiff "to *prove* that she was in a protected class, that she was fired *and* that the termination was *unjustified.*" (italics in original)).

■ Once a plaintiff proves the termination was "unjust" the burden shifts to the employer. *Rodriguez–Torres*, 399 F.3d at 62. " '[I]n order to rebut the Law 100 presumption, the employer must prove, by a preponderance of the evidence, that the challenged action was not motivated by discriminatory age animus.' " *Ramos v. Davis & Geck, Inc.*, 167 F.3d at 734 (citing *Alvarez–Fonseca*, 152 F.3d at 27–28). If the employer proves that its decision was justified the presumption disappears and "the burden of proof on the ultimate issue of discrimination remains with the plaintiff". *Alvarez–Fonseca*, 152 F.3d at 28.

### DM POSITION—LAW 100

■ Despite the different evidentiary paths the parties must follow in proving age discrimination in this particular case, the result under Law 100 is the same as in the ADEA claim. We find that even assuming that the presumption of discrimination was triggered, defendant met its burden of presenting ample evidence establishing that its decision not to hire plaintiff for the DM position was not motivated by plaintiff's age whereupon the presumption ceased. Absent the presumptive effect of Law 100 we do not find the necessary substantiation for plaintiff's discriminatory animus claims regarding the position at issue when considering the hiring freeze in effect and plaintiff's non-entitlement to be considered an "insider" for recruitment purposes.

Accordingly, the Law 100 claim based on plaintiff's failure to be rehired for the DM Men's Kid's and Footwear position is **DISMISSED.**

### BUYER POSITION—ADEA

■ Defendant contends that plaintiff failed to meet her prima facie ADEA burden because she did not possess the experience and qualifications required for the Buyer position left vacant by LISSETTE BELTRAN. According to defendant plaintiff had limited buying experience whereas the Buyer position entailed actually doing the buying and not assorting which was plaintiff's main experience. As a matter of fact, this was the same position plaintiff had applied for in 1997 prior to her retirement and found not to qualify.

Further, SEARS was looking for someone with direct purchasing and vendor experience who could also assist in imitating what the local competition had been doing. The president of the Company had shared with FERNANDEZ his expectations regarding the type of candidate he was interested in which specifically included someone that could mirror what SEARS' competitors such as J.C. PENNEY were doing.

RIVERA's experience in this area was limited and since her retirement plaintiff had gained no additional work experience related to the duties of a Buyer's position.

As part of her responsibilities as District Merchant, RIVERA did some limited buying of accessories, cosmetics, lingerie, home fashions, and some ready-to-wear clothing and jewelry. The buying, however, was from previously approved SEARS vendors. Her role in buying and negotiating with vendors directly was limited and involved only small lines such as Buxton wallets, K & M fashion jewelry, and lingerie. Even these two were first contacted by SEARS' parent company. Most of her buying was done together with the buyers of SEARS' parent company in Chicago and only after their approval. Plaintiff had some input on the merchandise to be received in Puerto Rico but the final word

rested with the parent company's buyers. As plaintiff concedes, there were even times when merchandise was sent to Puerto Rico contrary to her suggestions and input. Insofar as the actual negotiating directly with the vendors the price, shipping terms and assortments plaintiff's role was limited to brand name lingerie lines such as Leonisa, Maidenform, Bally and Lilly of France.

FERNANDEZ made an independent determination of her qualifications by looking at RIVERA's resume and her paperwork and concluded that she did not have the experience SEARS was looking for.

Plaintiff argues that she was qualified for the Buyer position and that she had 5 years buying experience. We must begin by noting that "a claimant's personal opinion regarding his own job qualifications is not sufficiently probative on the issue of pretext." *Cruz–Ramos v. Puerto Rico Sun Oil Co.*, 202 F.3d at 385 (citation and internal quotation marks omitted).

Apart from her own views on the matter plaintiff relies on the opinion of TONY VELAZQUEZ, her personal friend, as to her qualification for the position. However, MR. VELAZQUEZ did not supervise the position nor was he the hiring manager. Further, he never supervised plaintiff.

We find that based on the evidence on record plaintiff's experience fell short of the requisites for the position. Specifically, her buyer experience did not match the extent of the responsibilities/duties the position entailed.

■ Even assuming plaintiff was qualified for the position, the qualifications of the candidate selected for the position—in particular her experience in the buyer field—were superior than those of plaintiff. More importantly, given the competition in the market MORALES was a top contender due to her inside experience with J.C. Penney, SEARS' rival which plaintiff did not possess.

As a matter of fact, plaintiff does not contest the qualifications of the person selected. Rather, plaintiff argues pretext by claiming that someone with purportedly less qualifications was offered the position before MORALES. According to plaintiff SONIA MARTINEZ—formerly employed at SEARS as Merchandise Assistant for Women's Fashions until October 30, 2000—was offered the position but purportedly did not have buyer experience. MS. MARTINEZ had worked under plaintiff's supervision until plaintiff retired in 1998.

Plaintiff surmises without any supporting evidence that SONIA MARTINEZ did not gain any buying experience after she left SEARS in 2000 or that she had any prior to her tenure with SEARS while supervised by plaintiff for that matter. Additionally, plaintiff has no personal knowledge of MS. MARTINEZ's duties after February 1998 when she retired.

In her opposition plaintiff also claims SEARS did not follow its recruitment policy because DENNY sought the services of the SEARS Recruitment Center in Chicago for a buyer outside SEARS even though plaintiff was capable of doing the job. Again plaintiff argues that according to its policy SEARS had to consider retirees such as plaintiff to fill vacancies and that the freeze and the insider recruitment requisite were pretexts.

As previously noted, the policy concerning retirees merely allowed their rehiring but in no way established a preference requirement as plaintiff contends. As a former employee plaintiff had no right to be considered as an "insider" for recruitment purposes as she claims. Further, there is undisputed evidence that only in the event of unavailable candidates for the opened position could recruitment of non-employees include her as well.

The evidence submitted is insufficient to establish that the proffered reason for defendant's choice was a sham. Accordingly, we find plaintiff's ADEA claim regarding the Buyer position must be **DISMISSED**.

### BUYER POSITION—LAW 100

■ As previously discussed, under Law 100 a plaintiff establishes a prima facie case of age discrimination by proving that she was in a protected class and was subjected to an adverse personnel action which was unjustified. *Rodriguez–Torres v. Caribbean Forms Mfr., Inc.*, 399 F.3d at 62. The burden then shifts to the employer to establish that the action was not motivated by discrimination. *Ramos v. Davis & Geck, Inc.*, 167 F.3d at 734. Once the employer demonstrates that its decision was justified the presumption disappears and "the burden of proof on the ultimate issue of discrimination remains with the plaintiff". *Alvarez–Fonseca*, 152 F.3d at 28.

Plaintiff alleged that her non-selection for the Buyer position was due to her age which was countered by defendant's non-discriminatory reasons for choosing someone with better credentials. Faced with this scenario we resolve plaintiff's Law 100 claim based on the Buyer position must be **DISMISSED**.

### BUYER POSITION—RETALIATION ADEA

■ When only circumstantial evidence of discriminatory retaliation is available the *McDonnell Douglas* burden-shifting analysis is also utilized. Hence, in this case, "plaintiff must make a prima facie showing of retaliation by presenting evidence that (1) he engaged in protected conduct, (2) he was thereafter subjected to an adverse employment action, and (3) a causal connection existed between the protected conduct and the adverse action." *Che v. Mass. Bay Transp. Auth.*, 342 F.3d 31, 38 (1st Cir.2003); *Benoit v. Technical Mfg. Corp.*, 331 F.3d 166, 175 (1st Cir. 2003); *Gu v. Boston Police Dept.*, 312 F.3d at 6. "Once a prima facie case has been presented . . . an inference of discrimination arises. The employer is then required to offer a non-discriminatory reason for the employment action in question." *Che*, 342 F.3d at 39 (citations omitted).

■ Plaintiff filed an initial discrimination charge on April 25, 2001 and an amended charge in August 20, 2001 to add a retaliation claim. Thereafter she again amended her discrimination charge on November 5, 2002 to further include a retaliation claim.

On June 30, 2002 RIVERA wrote to BOB MOLINA requesting to be considered for a Buyer position. This position opened up as a result of LISSETTE BELTRAN's resignation. The position was closed on August 15, 2002 once an offer was made and accepted by FREIDA MORALES.

Plaintiff claims that when she talked to MOLINA about the Buyer position he advised that he had to confer with other officials on the matter because of her claim against the company. FERNANDEZ acknowledged having been advised regarding the charges but argues his decision was based on the requirements of the position.

As previously noted, plaintiff lacked the pertinent buyer experience for the position in question and the candidate selected had far better qualifications in this particular sphere of activity. Thus, we find that the evidence does not establish that the proffered reason for not choosing plaintiff was a pretext for retaliation.

Plaintiff failed to present evidence that the proffered reason was pretextual. *Che*, 342 F.3d at 39. There is no evidence on record from which a reasonable jury could find that plaintiff's non-selection was a pretext for retaliating against her for hav-

ing instituted administrative discrimination proceedings.

## BUYER POSITION—RETALIATION LAW 115

■ Additionally, plaintiff claims that defendant's refusal to hire her in retaliation for filing discrimination charges also contravenes Puerto Rico's Law 115.[9]

In addition to direct or circumstantial evidence § 194a(c) allows for prima facie means to establish violations by "proving that he/she participated in an activity protected by [the statute] and that he/she was subsequently... discriminated against regarding his/her employment. Once the aforesaid has been established, the employer shall claim and provide a non-discriminatory legitimate reason for the discharge. Should the employer claim and provide such a reason, the employee should demonstrate that the alleged reason provided by the employer was a mere pretext for the discharge."

The evidentiary mechanism provided by Law 115 mirrors the *McDonnell Douglas* framework which we already addressed in disposing of plaintiff's retaliation claims.

Accordingly, we incorporate those arguments and **DISMISS** plaintiff's Law 115 for the same reasons as the ADEA retaliation claims.

## ART. 1802

■ Plaintiff's spouse, JORGE APONTE, as well as their conjugal partnership seek redress under art. 1802 for the damages purportedly suffered as a result of RIVERA's discrimination pursuant to *Santini v. Serv. Air Inc.*, 137 D.P.R. 1 (1994). It appearing, however, that the

discrimination claims have been dismissed, the art. 1802 derivative claims should likewise be dismissed. *Marcano–Rivera v. Pueblo Int'l Inc.*, 232 F.3d 245 (1st Cir. 2000).

Accordingly, the claims asserted by JORGE APONTE and the conjugal partnership constituted by him and plaintiff JOSEFINA RIVERA pursuant to art. 1802 are hereby **DISMISSED**.

## CONCLUSION

Based on the foregoing, defendant Motion for Summary Judgment (docket No. 39)[10] is **GRANTED**. Accordingly, the complaint filed in this case is hereby **DISMISSED**.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

## *JUDGMENT*

The Court having dismissed the complaint filed in this case through its Order issued on this date, it is hereby

ORDERED AND ADJUDGED that the complaint filed in this case be and the same is hereby **DISMISSED**.

IT IS SO ORDERED.

---

9. In pertinent part § 194a 115 reads:
    (a) No employer may... discriminate against an employee... should the employee offer... in writing, any testimony, expression or information before... [an] administrative... forum in Puerto Rico.

10. *See* Plaintiffs' Opposition (docket No. 40), defendant's Reply (docket No. 41) and Plaintiffs' Surreply (docket No. 42).