# United States Court of Appeals
## For the First Circuit

No. 07-1659

CHRISTIAN LUPU; AMY LUPU; CONJUGAL PARTNERSHIP LUPU-LUPU,

Plaintiffs, Appellants,

v.

WYNDHAM EL CONQUISTADOR RESORT & GOLDEN DOOR SPA; EL
CONQUISTADOR LUXURY RESORT; INSURANCE COMPANY ABC,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Boudin, Chief Judge,
Lynch, Circuit Judge,
and Keenan,[*] Senior District Judge.

Juan M. Frontera-Suau for appellant.
Edwin J. Seda-Fernandez with whom Patricia R. Limeres-Vargas
and Adsuar Muñiz Goyco Seda & Pérez-Ochoa, P.S.C. were on brief for
appellee.

April 30, 2008

---

[*]    Of  the  Southern  District  of  New  York,  sitting  by
designation.

**LYNCH**, <u>Circuit Judge</u>.  Christian Lupu, whose career has been in the hotel industry, worked for three years for the Caribe Hilton Hotel in San Juan, Puerto Rico.  He started work at his next job at the Wyndham El Conquistador Resort in Puerto Rico on November 29, 2004 as Director of Engineering.  Wyndham's written offer of employment was explicit that he was a probationary employee during the period starting November 29, 2004 and ending on February 26, 2005.  On February 24, 2005, his superiors informed him his employment would end at the conclusion of the probationary period due to inadequacies in his performance.  He worked thereafter at the Waldorf Astoria Hotel in New York.

He (and his wife and their conjugal partnership) filed suit in federal court in Puerto Rico over the termination of his employment by the Conquistador.  His suit was dismissed.  This appeal concerns only two of the several claims he made, under diversity jurisdiction, both of which the court disposed of on defendants' motion for summary judgment.  Both are claims of violations of Puerto Rico statutes:  Act No. 115, P.R. Laws Ann. tit. 29, § 194a, prohibiting retaliation against certain defined whistleblowers, and Article 1802, P.R. Laws Ann. tit. 31 § 5141, for negligence.  We affirm.

A.       Act No. 115: Prohibiting Retaliation Against Whistleblowers

The first statute at issue, Act No. 115, P.R. Laws Ann. tit. 29, § 194a, provides in relevant part:

> (a)  No employer may discharge, threaten, or discriminate against an employee regarding the terms, conditions, compensation, location, benefits or privileges of the employment <u>should the employee offer or attempt to offer, verbally or in writing, any testimony, expression or information before a legislative, administrative or judicial forum in Puerto Rico</u>, when such expressions are not of a defamatory character nor constitute disclosure of privileged information established by law.

(Emphasis added.)  The statute also imposes an obligation on the employee to establish, "through direct or circumstantial evidence," a prima facie case that he or she (a) "participated in an activity protected by §§ 194 et seq." and (b) "was subsequently discharged." Id. § 194a(c).  See generally Hoyos v. Telecorp Commc'ns, Inc., 405 F. Supp. 2d 199, 207 (D.P.R. 2005); Rivera Rodriguez v. Sears Roebuck de P.R., Inc., 367 F. Supp. 2d 216, 230 (D.P.R. 2005).

The undisputed facts, as the district court held, demonstrate that plaintiff never participated in an activity protected by section 194a.  That is, he did not "offer or attempt to offer, verbally or in writing, any testimony, expression or information before a legislative, administrative or judicial forum in Puerto Rico."  P.R. Laws Ann. tit. 29, § 194a(a).

At Lupu's deposition, he admitted that he never offered or attempted to offer any information to the Puerto Rico governmental authorities listed in the statute; nor had he threatened to go to such authorities with any report of perceived irregularities in the operations at the hotel.[1]

Despite his deposition testimony, Lupu, in an effort to stave off summary judgment, argued that the statutory requirement was met by (1) a conversation he had with a supervisor during an internal meeting and (2) a document Lupu had written and inadvertently left on the desk of the supervisor. The internal meeting took place between Lupu and John Paul Oliver, Wyndham's Area Vice President of Offshore Resorts. Lupu sought out Oliver for the conversation on February 24, 2005 after he was told his position was being terminated on February 25. Lupu asserts, and we take the evidence in his favor for summary judgment purposes, that he discussed with Oliver his concerns about hotel mismanagement and lack of proper maintenance that might lead to non-compliance with government regulations. He does not assert he had discussions with the entities listed in the statute or told Oliver that he intended to go to the authorities.

---

[1] These alleged irregularities, according to plaintiff, included internal management issues, such as misreporting of time worked by other employees, as well as perceived violations of regulations, such as inappropriate maintenance of the hotel's wastewater treatment plant.

The document involved is one which Lupu unintentionally left on Oliver's desk after the February 24, 2005 meeting, entitled "Questions to Discuss With Attorney." Lupu says he had intended to seek advice from an attorney with the list of questions, which covered what rights Lupu would have if he went to the authorities and discussed whether he could file a complaint against the hotel without that affecting his employment opportunities. Lupu agrees Oliver handed the document back to him when Lupu realized he left the document behind and returned for it.

Lupu argues there are contested facts precluding summary judgment as to (1) whether his employment was actually terminated before or after his meeting with Oliver[2] and (2) whether Oliver read the "Questions to Discuss With Attorney" before Oliver handed the document back. These disputes, which go to causation, are not material. Even assuming these two facts were resolved in Lupu's favor, he still has not put forward evidence that he "offered or attempted to offer" testimony or information to a "legislative, administrative or judicial forum in Puerto Rico," as required by the statute.[3]

---

[2]   Lupu alleges that several minutes after leaving the meeting with Oliver, he received a phone call from one of his superiors informing him that his employment was officially terminated and telling him to stop "going around" to Wyndham's vice presidents.

[3]   Lupu makes a secondary argument that Oliver may have thought that Lupu was going to report the hotel to the authorities and it is that perception that is important under Act 115, not

Indeed, his argument stretches the statutory language well beyond any fair reading. The district court was correct to reject it.

B.      Article 1802: Negligence

Lupu's claim for negligence is one of fraudulent inducement by the hotel to entice him to work for it, never intending to employ him past his probationary employment date. He makes his claim under Article 1802, P.R. Laws Ann. tit. 31, § 5141, which provides in part that a "person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." He alleges that the Puerto Rico Supreme Court recognized an implied private right of action for damages claims in employment actions under Article 1802 in Montalvo v. Ceramic Enterprises, 7 P.R. Offic. Trans. 773 (1978).

Puerto Rico law expressly provides for probationary periods of employment under P.R. Laws Ann., tit. 29, § 185h. These periods exempt employers from the requirements of Puerto Rico Law 80, id. § 185a, a statute ordinarily requiring that a discharge be for just cause. We will bypass the question of whether, in light

_____

whether Lupu actually did go or attempt to go to the authorities. He cites a Puerto Rico Supreme Court case, Irizarry v. Johnson & Johnson Consumer Products Co. (P.R.), 150 D.P.R. 155 (2000), but an English version is unavailable in the bound volumes of the court's reporter and the plaintiff has not provided a translation as required by this court's rules. See 1st Cir. Loc. R. 30(d). He may not use the case to support his proposition. See Hoyos v. Telecorp Commc'ns, Inc., 488 F.3d 1, 6 n.4 (1st Cir. 2007).

of these two statutes, a claim can lie under Puerto Rico law for negligence for inducement into a <u>probationary job</u>.

On the undisputed facts, Lupu cannot make out a factually supportable claim, and we need not address the hypothetical outer reaches of the statute. The district court found it was undisputed that defendants regarded Lupu's work as unsatisfactory; there are documents in evidence supporting this. The court noted and rejected Lupu's argument that fraudulent intent by the hotel in hiring him for a probationary job is shown by the fact that the accounting office had not budgeted Lupu's position for the coming year. That allegation, even if true, is entirely consistent with the explanation that he was terminated for unsatisfactory performance. Even if the hotel also decided it did not need the position, that does not show the three-month probationary job offer to Lupu was a sham when it was offered. Much less does it show that it was a sham intended to lure Lupu away from another job. In fact, there is no evidence of luring at all. Lupu concedes that the responsibilities in his prior job at the Caribe Hilton were considerably diminished and that the offer from defendants was an attractive alternative to his limited opportunities with the Hilton organization. There is no evidence of any false statement by defendants in the course of offering him the probationary job. He was offered a probationary job and that is what he received.

We have considered Lupu's other arguments against summary judgment; they are without merit.

-7-

Affirmed.